**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Roselin Dike-Winston, d/b/a Queens Caribbean African Restaurant,

Plaintiff

v.

1083 East Tropicana, LLC,

Defendant

Case No.: 2:23-cv-00433-JAD-DJA

**Order Granting Motion to Dismiss with Leave to Amend and Granting in Part Request for Judicial Notice**

[ECF Nos. 9, 12, 14]

Pro se plaintiff Roselin Dike-Winston sues her former landlord, 1083 East Tropicana, LLC, for racial discrimination, breach of contract, and negligence. Dike-Winston claims that East Tropicana pushed back her property-delivery date, forcing her to open Queens Caribbean African Restaurant 20 months late while incurring large amounts of debt. She also alleges that it willfully failed to maintain the property and mistreated her because of her race. East Tropicana moves to dismiss her complaint, arguing that Dike-Winston failed to show that racial discrimination was the but-for cause of her injuries. It also contends that there was no identifiable breach of the contract and that Dike-Winston's negligence theory is based on an inapplicable statute. Dike-Winston opposes dismissal, moves to amend her complaint to include more factual details, and requests that I take judicial notice of her prior small-claims case and pro se status. Although she pleads a sufficient breach-of-contract claim, she fails to state a claim for racial discrimination or negligence, so I grant East Tropicana's motion to dismiss those two claims.[1] But because Dike-Winston is a pro se litigant, I grant her leave to amend her complaint

[1] I find this motion suitable for disposition without oral argument. *See* L.R. 78-1.

by December 15, 2023, if she can plead additional facts to support her racial-discrimination claim.

**Background**

In February 2018, Dike-Winston contracted to lease a commercial property from East Tropicana.[2] From the outset, there were difficulties. The lease agreement specified that East Tropicana was to deliver the property to Dike-Winston on March 1, 2018,[3] in "vanilla shell" condition, and she was to open her restaurant by June 1, 2018.[4] In preparation, Dike-Winston ordered expensive restaurant equipment and obtained financing,[5] but because of East Tropicana's delays, she was not able to open her restaurant until February 2020.[6] One month after opening, COVID-19 forced her to close.[7]

After the restaurant finally got up and running, the property still had significant faults. The roof leaked and a door wasn't up to code, but East Tropicana refused to make the necessary repairs.[8] Dike-Winston spoke with other minority tenants leasing from East Tropicana and found that they experienced similar mistreatment from this landlord.[9]

In October 2022, East Tropicana served Dike-Winston with a five-day notice to pay rent or surrender the premises.[10] The next month, Dike-Winston opened a small-claims case against

---

[2] ECF No. 1 ¶ 10. This is merely a summary of the plaintiff's factual allegations; it is not intended as findings of fact.

[3] *Id*. at 17.

[4] *Id*. at 22.

[5] *Id*. at ¶¶ 15–16.

[6] *Id*. at ¶ 29.

[7] *Id*. at ¶ 33.

[8] *Id*. at ¶¶ 34, 35.

[9] *Id*. at 26, 39–41.

[10] ECF No. 9-2.

East Tropicana in Las Vegas Justice Court.[11] East Tropicana initiated a summary eviction proceeding soon after.[12] Dike-Winston was eventually evicted in March 2023, and she voluntarily dismissed her small-claims case a few days later.[13] She now sues her former landlord in federal court for racial discrimination under 42 U.S.C. § 1981, breach of contract, and negligence. East Tropicana moves to dismiss all three claims.

**Discussion**

Federal pleading standards require a plaintiff to include in her complaint enough factual detail to "state a claim to relief that is plausible on its face."[14] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[15] plaintiffs must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[16] A complaint that fails to meet this standard must be dismissed.[17]

Of course, federal courts must also interpret all pleadings "so as to do justice,"[18] and the Supreme Court has consistently held that pro se pleadings are "to be liberally construed."[19] So a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it

---

[11] ECF No. 9-4.

[12] ECF No. 9-3.

[13] *Id.*; ECF No. 9-4.

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[16] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[17] *Twombly*, 550 U.S. at 570.

[18] Fed. R. Civ. P. 8(e).

[19] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."[20] If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[21]

**A. Dike-Winston does not plead enough factual detail to support a claim for racial discrimination.**

East Tropicana moves to dismiss Dike-Winston's 42 U.S.C. § 1981 claim for failure to state a claim, arguing that her allegations of racial discrimination are too conclusory.[22] Section 1981 prohibits, among other things, discrimination in the "making, performance, modification, and termination of contracts," as well as discrimination in the "benefits, privileges, terms, and conditions" of contractual relationships.[23] The Ninth Circuit requires that a plaintiff show "(1) [she] is a member of a protected class, (2) [she] attempted to contract for certain services, and (3) [she] was denied the right to contract for those services."[24] "The proof required to establish a prima facie case [of racial discrimination] is minimal and does not even need to rise to the level of a preponderance of the evidence."[25] But race must be a but-for cause of the injury.[26]

East Tropicana contends that Dike-Winston failed to include specific examples of similarly situated white tenants that the landlord treated favorably or facts establishing that, but

---

[20] *Id.* (cleaned up).

[21] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

[22] ECF No. 9 at 10.

[23] 42 U.S.C. § 1981(b).

[24] *Lindsey v. SLT Los Angeles*, LLC, 447 F.3d 1138, 1145 (9th Cir. 2006).

[25] *Lindsey*, 447 F.3d at 1145 (cleaned up).

[26] *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020).

for her race, the landlord would have acted differently under the contract.[27] Dike-Winston repeats the facts she asserted in her complaint, arguing that the landlord systematically discriminated against tenants of color by providing "low service and attention to the minorities" compared with white tenants.[28] She also requests leave to amend her complaint to include more details to support her theory.[29]

East Tropicana opposes Dike-Winston's request to amend. It argues that because she didn't include specific examples of racially disparate treatment in her complaint or response, no such details exist and amendment would be futile.[30] East Tropicana also contends that Dike-Winston failed to attach an amended complaint to her amendment request and this violation of Local Rule 15-1 will lead to continued motion practice and waste valuable court resources.[31]

Dike-Winston's allegations fall short of establishing intentional discrimination sufficient to satisfy a § 1981 claim. The facts, as they are pled now, might meet the three elements required by the Ninth Circuit to establish a prima facie case of racial discrimination: (1) Dike-Winston is a Nigerian woman and thus a member of a protected class,[32] (2) she contracted with East Tropicana to lease a piece of property,[33] and (3) the contract was frustrated by missed deadlines, delivery delays, poor communication, and mistreatment.[34] But it's the High Court's

[27] ECF No. 9 at 9–10.

[28] ECF No. 13 at 2.

[29] *Id*. at 4.

[30] ECF No. 16 at 4.

[31] *Id*. at 3.

[32] ECF No. 1 ¶ 4.

[33] *Id*. at ¶ 5.

[34] *Id*. at ¶¶ 17–43.

requirement that race be a but-for cause of the injury that prevents her from stating a plausible claim for relief.

Dike-Winston asserts that East Tropicana is "intentionally refusing to provide proper service to minority tenants,"[35] as she gleaned from speaking with other tenants. She claims that the tenants of color, specifically those who immigrated to the United States from other countries, have "major problems" with this landlord.[36] But Dike-Winston does not clearly establish that her problems with East Tropicana arise solely from her race. She alleges a number of different faults with the property—asbestos, a leaky roof, and code violations.[37] But she fails to explain why her issues with her landlord stem from her race rather than these construction defects. So I grant East Tropicana's motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6) because Dike-Winston has not provided the factual details necessary to state a claim for racial discrimination.

But Dike-Winston is representing herself in this case, and the Ninth Circuit has cautioned district courts that, if a pro se plaintiff's complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[38] Because I am not convinced that factual details of racial discrimination are altogether nonexistent here, I grant Dike-Winston leave to file an amended complaint to add specific and true facts that show that East Tropicana treated her differently because of her race. She is advised that an amended complaint wholly replaces her existing complaint, so the amended complaint must be complete

---

[35] *Id*. at ¶ 36.

[36] *Id*. at ¶ 39.

[37] *Id*. at ¶¶ 17, 22, 24–25.

[38] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

in itself without reference to the original.[39] If she chooses to amend, she must do so by December 13, 2023.

**B. Dike-Winston's state-law claims**

East Tropicana also moves to dismiss Dike-Winston's state-law breach-of-contract and negligence claims.[40] It challenges the sufficiency of both of these claims. It adds that the court should refrain from exercising supplemental jurisdiction over these claims because Dike-Winston already availed herself of Las Vegas Justice Court for those claims and voluntarily dismissed them,[41] complaining that it "should not be forced to litigate claims involving the same common nucleus of operative fact in both federal and state court."[42]

***1. Breach of contract***

East Tropicana theorizes that it couldn't have breached its contract with Dike-Winston because the contract contained a provision discharging the landlord's liability for delivery delays.[43] Dike-Winston counters that the contract required her to be open by June 1, 2018.[44] Presumably she means that East Tropicana was precluded from delaying delivery of the property beyond that date. She also points to a specific provision in the lease agreement that describes the condition that the property should have been delivered in—a "vanilla shell' condition—and

---

[39] *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010).

[40] ECF No. 9 at 11.

[41] *Id*. at 4, 12.

[42] *Id*. at 12.

[43] ECF No. 9 at 5.

[44] ECF No. 17 at 2.

alleges facts that describe how the property was actually delivered—with a leaky roof and code violations.[45]

To state a valid claim for breach of a written contract under Nevada law, a plaintiff must allege the existence of a valid agreement between the plaintiff and the defendant, a material breach by the defendant, and damages.[46] There is no dispute that a valid lease agreement exists, and Dike-Winston claims that East Tropicana breached the contract by delivering the property late and in a deficient condition. Although East Tropicana denies the breach and argues that the lease contained an express provision that described the property-delivery date as merely an estimate,[47] Dike-Winston's claim does not rest exclusively on the delivery date. She also argues that, upon its delivery, the property was not in the condition that was that the contract promised.[48] So I find that Dike-Winston has stated a breach-of-contract claim sufficient to overcome East Tropicana's FRCP 12(b)(6) challenge, and I deny its motion to dismiss this claim.

***2. Negligence***

Dike-Winston fails, however, to state a viable negligence claim. East Tropicana moves to dismiss Dike-Winston's negligence claim because she rests it on an alleged violation of the Residential Landlord Tenant Act, NRS 118A, which sets standards for dwelling units or premises. Because her lease with East Tropicana was for commercial, not residential, property, she is not entitled to relief under this statute. So I dismiss this claim for failure to state a claim and without leave to amend because she has not shown that leave wouldn't be futile.

---

[45] ECF No. 1 at ¶¶ 12, 34.

[46] *See Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev .1987) (per curiam).

[47] ECF No. 1 at 18.

[48] *Id*. at ¶¶ 12, 34.

***3. Estoppel and supplemental jurisdiction***

In suggesting that Dike-Winston's filing (and ultimate voluntary dismissal) of a small-claims action should bar her assertion of state-law claims here, East Tropicana attempts to raise a res judicata or collateral-estoppel challenge to Dike-Winston's state law claims. Both claim and issue preclusion require a valid final judgement, which doesn't exist when a case is once dismissed without prejudice.[49] As East Tropicana has not established that Dike-Winston's voluntary dismissal of her small-claims case effectuated a with-prejudice dismissal of any of her state-law claims, claim preclusion does not apply.

But East Tropicana has raised serious concerns about whether this court should keep Dike-Winston's breach-of-contract claim if she is unable to establish a plausible racial-discrimination claim in an amended complaint. Although the law gives this court original jurisdiction over federal claims like those brought under 42 U.S.C. § 1981, state-law claims like small-scale breach-of-contract ones can remain in federal court only if the court chooses to exercise supplemental jurisdiction over them.[50] Should Dike-Winston choose not to—or be unable to—state a plausible § 1981 claim in an amended complaint, this court is not likely to continue to exercise supplemental jurisdiction over her breach-of-contract claim.

**C. Judicial notice under FRE 201(b)**

Finally, I address Dike-Winston's request for judicial notice.[51] Judicial notice is a means to establish the existence of a fact without the necessity of formal proof.[52] Federal courts may

---

[49] *See Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 713 n.27 (Nev. 2008), *holding modified by Weddell v. Sharp*, 350 P.3d 80 (Nev. 2015).

[50] 28 U.S.C. § 1367.

[51] ECF No. 12. Though she frames this issue as a "notice" and not a request, *see* ECF No. 12, I liberally construe it as a motion because a motion is needed for the court to grant this relief.

[52] *See Castillo-Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir. 1992).

take judicial notice "of facts relating to the particular case, though no evidence is introduced, where the fact is 'not subject to reasonable dispute,' either because it is 'generally known within the territorial jurisdiction,' or is 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'"[53] Among other things, courts can take judicial notice of some public records.[54] But when a court takes judicial notice of another tribunal's opinion, "it may do so not for the truth of facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."[55] A fact that is "subject to a reasonable dispute" may not be judicially noticed.[56]

Dike-Winston requests that I take judicial notice that she voluntarily dismissed her small-claims action.[57] The Las Vegas Justice Court is a Nevada tribunal, and the docket in Dike-Winston's small-claims case before that court is a judicially noticeable record. Judicial notice may be given to establish that Dike-Winston simply initiated a case in justice court and then voluntarily dismissed it.[58] Dike-Winston also requests that I take judicial notice that she has not used a "ghost lawyer" to draft pleadings and motions in her case. But this is not a fact that may be determined by indisputably accurate sources; this is merely an argument to persuade me that

---

[53] *Id*. (quoting Fed. R. Evid. 201(b)).

[54] *U.S. v. Ritchie*, 342 F.2d 903, 909 (9th Cir. 2003).

[55] *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426–27 (3rd Cir. 1999)).

[56] Fed. R. Evid. 201(b).

[57] ECF No. 12.

[58] Judicial notice may not be given to establish the truth of disputed matters in that case or statements of law. So East Tropicana's argument in its motion to dismiss that the justice court found Dike-Winston's claims deficient, ECF No. 9 at 3–4, 12, falls outside the scope of Rule 201.

Dike-Winston is truly a pro se litigant. So I grant Dike-Winston's request to judicially notice the docket in her small-claims proceeding, but only to establish the existence and procedural history of that case and for no other purpose. I deny her request to take judicial notice that her pro se status is genuine.

**Conclusion**

IT IS THEREFORE ORDERED that East Tropicana's motion to dismiss [**ECF No. 9] is GRANTED in part**, and Dike-Winston's motion for leave to file an amended complaint **[ECF No. 14] is GRANTED in part**. Dike-Winston's racial-discrimination claim is dismissed with leave to amend by December 15, 2023; her negligence claim is dismissed without leave to amend; and her breach-of-contract claim may proceed subject to her ability to plead a plausible racial-discrimination claim to anchor jurisdiction for this supplemental state-law claim. If Dike-Winson does not file an amended complaint by this deadline, her case will be dismissed without prejudice to her ability to file her claims in state court.

IT IS FURTHER ORDERED that Dike-Winston's request for judicial notice **[ECF No. 12] is GRANTED in part** and **DENIED in part** as stated herein.

_______________________________
U.S. District Judge Jennifer A. Dorsey
November 15, 2023